NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODIS WILSON JR., ) | No. C 11-00813 JF (PR) |
| ) Plaintiff, ) | ORDER OF DISMISSAL |
| ) vs. ) | |
| ) ANTHONY HEDGPETH, ) | |
| ) Defendant. ) | |

Plaintiff, a California inmate currently incarcerated at the Salinas Valley State Prison ("SVSP"), filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

**DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.      Plaintiff's Claims**

Plaintiff alleges that he broke his "right hand[']s index finger knuckle bone" on January 16, 2009 at SVSP.  (Compl. at 3.)  Plaintiff had surgery the next day by a doctor "Romans," who inserted a pin through the side of Plaintiff's knuckle bone into the middle digits knuckle.  (Id.)  The pin was removed a month later, on February 18, 2009, after which Plaintiff alleges his whole hand was damaged, particularly his third digits knuckle bone.  Plaintiff had another surgery on November 20, 2009, by the same doctor who allegedly failed to repair the damage.  (Id.) Plaintiff alleges that several x-rays and an MRI show that damage was done by the first and second surgeries.  (Id.) Plaintiff alleges that he is now scheduled for a third surgery after a consultation report with a newly assigned plastic surgeon.  (Id.)  Plaintiff seeks compensation for "malpractice, pain, suffering stress, anguish and loss of confidence to defend [himself]."  (Id.)  Plaintiff also seeks "professional competent medical care to repair damage done to [his] hand by incompetent operations to [his] hand."  (Id. at 3-4.)

Plaintiff's malpractice claim against Defendant Romans for the allegedly harmful two surgeries he performed is not cognizable because medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment.  See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002);  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); see, e.g., Frost v.

1  Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from
2  alleged delays in administering pain medication, treating broken nose and providing
3  replacement crutch, because claims did not amount to more than negligence); McGuckin
4  v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, (mere
5  negligence in diagnosing or treating a medical condition, without more, does not violate a
6  prisoner's 8th Amendment rights); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990)
7  (repeatedly failing to satisfy requests for aspirins and antacids to alleviate headaches,
8  nausea and pains is not constitutional violation; isolated occurrences of neglect may
9  constitute grounds for medical malpractice but do not rise to level of unnecessary and
10 wanton infliction of pain); Anthony v. Dowdle, 853 F.2d 741, 743 (9th Cir. 1988) (no
11 more than negligence stated where prison warden and work supervisor failed to provide
12 prompt and sufficient medical care).

13      Plaintiff's allegations, liberally construed, fail to state a claim of deliberate
14 indifference to serious medical needs under the Eighth Amendment. See Estelle v.
15 Gamble, 429 U.S. 97, 104 (1976); McGuckin, 974 F.2d at 1059 (9th Cir. 1992); Jones v.
16 Johnson, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference"
17 involves an examination of two elements: the seriousness of the prisoner's medical need
18 and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059.
19 Here, assuming a broken finger is a "serious medical need," Plaintiff's allegations fail to
20 show that prison officials acted with deliberate indifference in providing medical
21 treatment.  Plaintiff received prompt surgical attention when he initially broke his knuckle
22 bone in January 2009, and thereafter prison officials continued to provide reasonable
23 treatment, *e.g.*, corrective surgery, x-rays and an MRI, and further consultations.  See
24 *supra* at 2.  Plaintiff claims that his hand has been "inoperable and swollen" for two
25 years, but he also admits that he currently continues to be provided with medical
26 treatment solutions as a new plastic surgeon has been consulted who has suggested
27 further surgery and possible artificial bone replacement.  (Compl. at 3.)    Accordingly,
28 Plaintiff's claim is DISMISSED with prejudice for failure to state a claim.

**CONCLUSION**

For the foregoing reasons, the complaint is DISMISSED for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1),(2).

The Clerk shall close the file and terminate all pending motions as moot.

IT IS SO ORDERED.

DATED: 4/29/11

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

THEODIS WILSON JR,

        Plaintiff,

  v.

ANTHONY HEDGPETH, et al,

        Defendants.

Case Number: CV11-00813 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  5/10/11 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Theodis Wilson E-14869
Salinas Valley State Prison
P.O. Box 1050
C4-224
Soledad, CA 93960

Dated:  5/10/11

                                                   Richard W. Wieking, Clerk